In the Matter of JOHN J. PISANO, Petitioner, v CAPITAL DISTRICT TRANSIT SYSTEM, NO. 1, CAPITAL DISTRICT TRANSPORTATION DISTRICT, INC., Respondent, and STATE HUMAN RIGHTS APPEAL BOARD, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated December 18, 1981, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint that he had been discriminated against on account of retaliation. On October 3, 1980, petitioner filed a verified complaint with the State Division of Human Rights charging respondent CDTS with an unlawful discriminatory practice relating to employment. The unlawful practice allegedly consisted in refusing to rehire petitioner in July, 1980 in retaliation for his having previously filed a complaint against CDTS with the division in March, 1977. In answer, CDTS denied that its refusal to rehire petitioner was based on retaliation. Instead, it attached petitioner's work record in regard to his previous employment with CDTS. This record demonstrated that petitioner did not report to work from June 30, 1978 to July 15, 1978 with no verification of illness, incapacity or excuse; that he was insubordinate and malingering; that on June 23, 1977 he abused his foreman when the foreman complained about a 35-minute conversation petitioner had on a company phone; that he falsified records and reported that he performed work that he did not do; that on March 4, 1975 he was warned about his attendance; that he was late seven times and booked off four days; that on July 30, 1974 he falsely reported sick while he applied for a position with a school district; and that he resigned without notice. Based on this record and its prior preliminary investigation, and upon an interview with petitioner, the division dismissed petitioner's discrimination complaint for lack of probable cause, without affording him a hearing. Petitioner does not dispute the record of his prior employment. He simply alleges that when he withdrew a previous complaint of discrimination in July, 1976, it was in return for the withdrawal from his file of his previous

record of employment, and now urges he should have received a hearing. Contrary to petitioner's assertions, we are of the view, based on the entire record, that the order of the division was supported by substantial evidence and was not arbitrary, capricious or an abuse of discretion. Accordingly, neither this court nor the board can disturb the division's order (*State Div. of Human Rights v Columbia Univ. in City of N. Y.*, 39 NY2d 612, 616). The board's determination must, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.